FILED
2022 MAR 9
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BAKER INTERNATIONAL, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEAL** <br><br> Case No. 2:19-cv-00881-JNP-DAO <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Michael Baker filed a motion arguing that the redacted information should remain under seal because it "was designated confidential by Michael Baker, constitutes summary of privileged communications between insurer, insured, and insured's counsel, constitutes summary of privileged communications relating to Michael Baker's legal defense strategy in the Satterthwaite matter, and/or reveals information regarding confidential settlement amounts." ECF No. 244, at 2. The court DENIES Michael Baker's Motion to Seal.

The court strongly reiterates that when parties avail themselves of the public resource of federal courts, the public has "a common-law right of access to judicial records." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation omitted). And in order to overcome "the presumption in favor of access to judicial records," the party seeking to restrict access must show

that "countervailing interests heavily outweigh the public interest in access."[1] *Id.* (citation omitted). Of course, "[t]he presence of embarrassing and inflammatory facts in a case is not, without more, a qualifying countervailing interest." *Application of J.B. v. Vaughn*, No. 2:18-cv-130, 2018 WL 11279681, at *2 (D. Utah Oct. 12, 2018). Michael Baker has made no showing of strong countervailing interests that would support redaction.

Michael Baker appears to believe that sealing portions of the record is nothing more than a pro forma matter. First, Michael Baker cites no caselaw to support specific redactions. Instead, it provides a list of generalized reasons, without supporting caselaw, that it contends necessitate redaction. And second, Michael Baker fails to explain how any of its cited reasons support redaction of any particular statement. At bottom, Michael Baker has neither submitted any specific arguments nor identified any supporting caselaw explaining why its interest in the confidentiality of the redacted information heavily outweighs the public's interest in access.

Because Michael Baker's motion has failed to articulate a real and substantial countervailing interest in sealing the redacted portions of the court's order, the court DENIES its motion. The court will place an unredacted version of its order on the docket in one week unless either party submits detailed briefing outlining specific caselaw to support sealing of each particular redacted phrase.

DATED March 9, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

[1] Moreover, District of Utah Civil Rule 5-2(a) reinforces that "[c]ourt records are presumptively open to the public" and that "the sealing of civil cases [or parts thereof] is highly discouraged."