FILED
2022 APR 4 AM 10:50
CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO.,<br><br>　　　Plaintiff,<br><br>v.<br><br>MICHAEL BAKER INTERNATIONAL, INC.,<br><br>　　　Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 2:19-cv-00881-JNP-DAO<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before this court is Defendant Michael Baker International's ("Michael Baker") motion for leave to file a motion for summary judgment on the basis of new authority from the Third Circuit. ECF No. 234. Plaintiff Liberty Mutual Fire Insurance Co. ("Liberty") opposes the motion. After considering the briefs, the court GRANTS Defendant's motion.

**FACTUAL BACKGROUND**

This case arises from a car accident that occurred at a construction site where Michael Baker was providing engineering and design services. An oncoming motorist hit JoElle Satterthwaite as she made a left turn across an intersection at the site. The impact of the crash ejected Satterthwaite's son from the vehicle, causing serious injuries. As a result of the accident, the Satterthwaites sued Michael Baker, among others, asserting negligence/recklessness in failing to provide adequate signage and traffic lights at the intersection, implementing a defective traffic control plan at the intersection, and failing to properly train and supervise personnel

working at the intersection. Liberty provided a defense to Michael Baker under a reservation of rights and ultimately denied coverage. Michael Baker settled the *Satterthwaite* lawsuit for $13,000,000.00.

The present lawsuit began when Liberty sought a declaratory judgment that it need not provide coverage for the *Satterthwaite* lawsuit (as well as another lawsuit that occurred at the same construction site). In response, Michael Baker filed several counterclaims seeking to recover expenses incurred as a result of the *Satterthwaite* lawsuit, as well as expenses incurred in the present declaratory judgment action.

Liberty has filed two motions for summary judgment in this matter. *See* ECF Nos. 65, 179. The first motion sought summary judgment on Liberty's declaratory judgment cause of action on the theory that the accident fell under a policy exclusion, thus excusing Liberty from providing coverage. The second motion sought summary judgment on Michael Baker's counterclaims on the theory that Michael Baker had evinced no damages. The court denied both motions.

The court set a dispositive motions deadline of July 9, 2021. *See* ECF No. 161. When the deadline passed, Michael Baker had not moved for summary judgment. Now, Michael Baker seeks permission to file a motion for summary judgment arguing that Liberty owes the duty to indemnify Michael Baker for the underlying lawsuit resulting from the accident.

## LEGAL STANDARD

A court may modify a scheduling order for good cause. FED. R. CIV. P. 16(b)(4). Demonstrating good cause "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, No. 08-3188, 2009 WL 465073, at *3 (10th Cir. Feb. 25, 2009). The

"good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed." *Gorsuch, Ltd. B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).

## ANALYSIS

Michael Baker argues that a new Third Circuit opinion justifies its request. Specifically, on November 18, 2021, the Third Circuit issued an opinion under Pennsylvania law. *Liberty Mut. Ins. Co. v. Penn Nat'l Mut. Cas. Ins. Co.*, No. 20-3468, 2021 WL 5401543 (3d Cir. Nov. 18, 2021). In that case, Flexicore purchased a Penn National general liability policy that named a concrete subcontractor as an additional insured. *Id.* at *1. A concrete panel collapsed at the construction site, killing a construction worker. *Id.* The construction worker's widow filed a wrongful death action in Pennsylvania state court, alleging negligence and failure to maintain adequate safety measures. *Id.* at *2. Penn National refused to defend and indemnify the concrete subcontractor. *Id.* Instead, Liberty defended the subcontractor and settled the wrongful death action. *Id.*

Liberty then sued Penn National, claiming that Penn National owed reimbursement because the concrete subcontractor qualified for coverage under Penn National's general liability policy with Flexicore. *Id.* Both sides moved for summary judgment on Penn National's duty to defend, and the district court judge ruled for Liberty. *Id.* Liberty subsequently moved for summary judgment on Penn National's duty to indemnify. *Id.* The district court judge also granted that motion. *Id.*

The Third Circuit affirmed. On the issue of the duty to indemnify, the Third Circuit held that "where the underlying tort case has been settled, the insurers may seek resolution of only the factual disputes that would not have been resolved had the underlying tort suit been tried." *Id.* at

3

*4. In other words, "Pennsylvania law provides that the duty to defend itself triggers the duty to indemnify" when "the coverage suit raises factual disputes about coverage that would have also been addressed in the settled underlying litigation." *Id.* Michael Baker argues that, applying the rule stated by the Third Circuit to this case, Liberty must indemnify Michael Baker for the Satterthwaite settlement, regardless of any evidence about Michael Baker's work that Liberty would otherwise argue supports application of a policy exclusion.

Liberty responds with several arguments. First, Liberty argues that a non-precedential federal (not state of Pennsylvania) opinion cannot support a finding of good cause to extend the dispositive motions deadline. Second, Liberty argues that the court already ruled on this issue. Accordingly, Liberty argues that Michael Baker must move for reconsideration, not an extension of the dispositive motions deadline. The court addresses, and rejects, both of these arguments in turn.[1]

As an initial matter, the Third Circuit case supports a finding of good cause. While not binding, the Third Circuit decision provides potentially persuasive authority. The Third Circuit has far more experience than this court in interpreting Pennsylvania law. Therefore, to the extent that the Third Circuit sets forth a particular interpretation of Pennsylvania law, this court may find that interpretation instructive. This court is not bound by Third Circuit law and may disagree with the Third Circuit once it delves into Michael Baker's motion for summary judgment. But as a matter of initial impression, the court believes the new persuasive authority provides sufficient evidence of good cause. And, because the Third Circuit recently decided the case, the court does not find any evidence that Michael Baker failed to act diligently in complying with the present

---

[1] Liberty also argues that Michael Baker's proposed motion for summary judgment lacks merit because the Third Circuit case is factually distinguishable from and addresses a different situation than the present case. But the court declines to wade into the merits of a hypothetical summary judgment motion.

4

scheduling order. It simply could not have known that the Third Circuit would issue this opinion after the dispositive motion deadline.

As an alternative, Liberty suggests that the court has already fully resolved this issue on a prior motion for summary judgment. In opposing Liberty's first motion for summary judgment, Michael Baker argued that without a finding that Michael Baker committed any of the accused negligent acts—a finding which the *Satterthwaite* settlement precludes—then "Liberty must indemnify Michael Baker for the Satterthwaite settlement." ECF No. 81, at 42. Michael Baker added that if Liberty breached its duty to defend Michael Baker "then Liberty is estopped from contesting its duty to indemnify." *Id.* But these two arguments—spanning only about half a page—are hardly indicative of a fully considered issue. And the court's opinion reflects that fact. The court included a single footnote stating that it "declines to apply such a blanket rule" that the duty to indemnify necessarily follows the duty to defend. ECF No. 154, at 16. But declining to adopt a blanket rule renders no determination as to whether the rule applies in this particular case. Indeed, the court never attempted to apply the rule to this case to determine whether, on the facts of this case, the duty to indemnify follows the duty to defend. Moreover, Michael Baker advanced these arguments in response to *Liberty's* motion for summary judgment; Michael Baker itself never moved for summary judgment on the relationship between the duty to defend and the duty to indemnify. Accordingly, the court has never squarely examined the application of the rule to this case.

Finally, judicial economy concerns weigh in favor of granting Defendant's motion. This case presents a potentially tangled trial requiring the parties to relitigate the *Satterthwaite* action in the context of this declaratory action. Without considering the merits of a hypothetical summary judgment motion, the court notes that Michael Baker's summary judgment motion has

the potential to resolve the coverage issue prior to trial, leaving only damages and bad faith to be determined by a jury. While judicial economy alone cannot support an extension of the dispositive motion deadline, it puts a thumb on the scale in favor of granting this motion.

## CONCLUSION AND ORDER

The court GRANTS Michael Baker's motion for leave to file a motion for summary judgment. Michael Baker has twenty-one days to file a single motion for summary judgment for the court's consideration.

DATED April 4, 2022

                                          BY THE COURT

                                          _____
                                          Jill N. Parrish
                                          United States District Court Judge