IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BAKER INTERNATIONAL, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO SEAL** <br><br> Case No. 2:19-cv-00881-JNP-DAO <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

    This matter comes before the court on Michael Baker International, Inc.'s ("Michael Baker") unopposed motion to seal portions of the court's February 10, 2022 memorandum decision and order denying plaintiff Liberty Mutual Fire Insurance Co.'s ("Liberty Mutual") second motion for summary judgment. The court refers the reader to the factual background of the case outlined in that order. *See* ECF No. 241 at 2-7.

**LEGAL STANDARD**

    When parties avail themselves of the public resource of federal courts, the public has "a common-law right of access to judicial records." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (citation omitted). Moreover, District of Utah Civil Rule 5-2(a) reinforces that "[c]ourt records are presumptively open to the public" and that "the sealing of civil cases [or parts thereof] is highly discouraged." To overcome "the presumption in favor of access to judicial records," the party seeking to restrict access must show that "countervailing interests

heavily outweigh the public interests in access." *Id.* (citation omitted). Of course, "[t]he presence of embarrassing and inflammatory facts in a case is not, without more, a qualifying countervailing interest." *Application of J.B. v. Vaughn*, No. 2:18-cv-130, 2018 WL 11279681, at *2 (D. Utah Oct. 12, 2018).

## ANALYSIS

Here, Michael Baker seeks to seal four separate categories of information contained in the order: (1) the final settlement amount; (2) a settlement demand amount; (3) the amount of attorneys' fees Michael Baker expended in the Satterthwaite litigation and the present matter; and (4) statements summarizing allegedly privileged communications between Michael Baker and its counsel as well as Michael Baker and Liberty Mutual. The court DENIES the motion as to all four categories for the following reasons.

### I.  SETTLEMENT AMOUNT

Michael Baker cites three reasons for sealing the final settlement amount: (1) the confidentiality provision in the settlement; (2) protecting information related to a minor child; and (3) encouraging settlement discussions in the instant litigation. The court considers, and rejects, each reason in turn.

As an initial matter, simply citing a confidentiality provision in a settlement or contract does not warrant sealing.[1] *See, e.g.*, *Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily

---

[1] Michael Baker cites to a single Tenth Circuit case where the court permitted sealed filings related to confidential settlement agreements. *See Friedland v. TIC-The Indus. Co.*, 566 F.3d 1203, 1205 n.1-2, 1211 (10th Cir. 2009). But in that case, the Tenth Circuit cursorily permitted the parties to file information under seal without addressing their reasoning behind the decision. *Id.* at 1205 n.1 (noting, without further discussion, that "[t]he amount of this sum is subject to a confidentiality agreement and was filed under seal with this court"). Such a cursory grant of a motion to seal provides no guiding principle for this district court to follow.

constitute a sufficiently substantial justification."); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court"); *see also Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 835 (7th Cir. 2013) ("In neither case have they offered any reason for secrecy except that they have a confidentiality agreement. Obviously that's insufficient . . . ."); *Snook v. Valley OB-GYN Clinic, P.C.*, No. 14-cv-12302, 2014 WL 7369904, at *3 (E.D. Mich. Dec. 29, 2014) ("Generally, courts have 'roundly rejected' the argument that confidentiality provisions in settlement agreements are a sufficient interest to overcome the presumption of public access." (citation omitted)).

Michael Baker also cites to *Colony Insurance Co. v. Burke* for the proposition that "where settlement agreements contain confidentiality provisions, sealing information contained within those agreements maintains the confidentiality of such a document." ECF No. 247 at 3. But *Colony Insurance* also recognized that where "[t]he parties themselves placed these settlements at the center of this controversy . . . a strong presumption of access attaches." *Colony*, 698 F.3d at 1241-42. Indeed, *Colony Insurance* arose from a strikingly similar posture to this case. In both cases, an insurance company filed a declaratory judgment action seeking a declaration that it had no duty to defend or indemnify the insured for the judgment against the insured. In both cases, the insured responded by filing counterclaims for breach of contract and bad faith. The Tenth Circuit found in *Colony Insurance* that the parties had placed the settlements at the center of the controversy. And, the court finds that here, just as in *Colony Insurance*, "[t]he parties themselves placed [the] settlement at the center of this controversy." *Id.* at 1241.

3

Accordingly, the mere fact that the settlement contains a confidentiality provision does not justify sealing the settlement amount.

Michael Baker next contends that the court "has an interest in protecting the child's interests by not releasing the amount that was, in majority, paid directly to the child." ECF No. 247 at 3. As a threshold matter, the involvement of a non-party does not necessarily constitute a substantial interest in sealing a document. *See Sacchi*, 918 F.3d at 1160 ("As for the argument that the contract should be sealed because it involves a non-party, the Hospital cites no authority explaining why the inclusion of a non-party constitutes a real or substantial interest that justifies withholding the contract from the public record.").

Nevertheless, protecting a minor's privacy is undoubtedly an important concern. But "[t]o weigh in favor of keeping information about minors secret, the information generally must be more than the amount of money received in a settlement." *Willis v. United States*, CV 117-015, 2019 WL 7194599, at *2 (S.D. Ga. Dec. 26, 2019) (citing *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 n.4 (11th Cir. 1985) (per curium)); *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 229 (5th Cir. 2020) (rejecting motion to keep terms of settlement with a minor under seal where the proponent "merely speculate[s] that disclosing the settlement amount would increase the possibility of financial predation and related harassment" without providing evidence that the child or family "has experienced any financial predation of financially-motivated harassment since the settlement was reached approximately two years ago"). For example, a minor's interest in privacy becomes more compelling where the documents "contain[] the name of and detailed medical information about a minor." *Colony*, 698 F.3d at 1241; *see also Webster Groves Sch. Dist. v. Pulitzer Pub. Co.*, 898 F.2d 1371, 1374-77 (8th Cir. 1990) (denying press access to proceedings and court file where doing so would expose child's allegedly criminal behavior,

4

mental-health status, and disability-related information). In this case, financial information about the settlement would expose nothing about the child other than the amount of money he received—it would not expose other sensitive information like confidential medical or mental health records. Accordingly, the countervailing interest in protecting a minor's privacy does not heavily outweigh the public interest in access to judicial records.

Finally, Michael Baker argues that revealing the settlement amount will inhibit settlement discussions in the instant litigation. The Tenth Circuit has warned that "denying a motion to seal may chill *future* settlement negotiations." *Colony*, 698 F.3d at 1241 (emphasis added). But all of the parties to any settlement discussions in this litigation are already aware of the settlement amount. Accordingly, the court fails to see how unsealing the settlement amount will have any effect on a potential settlement negotiation in this case.

In sum, the court is not persuaded that Michael Baker has demonstrated countervailing interests sufficient to overcome the presumption in favor of access to judicial records as to the settlement amount.

## II.     SETTLEMENT DEMAND AMOUNT

Michael Baker also moves to seal the amount of one of the Satterthwaites' settlement demands. Again, the court balances the public interest in disclosure against any countervailing interests that might heavily outweigh the presumption in favor of public access. *See Colony*, 698 F.3d at 1241. The court agrees with Michael Baker that the public interest in the Satterthwaites' settlement demand amount is low. Generally, the public does not have a strong interest in information that "play[s] only a negligible role" in the court's duties. *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (unpublished) (citation omitted). Here, the court's analysis does not turn on the specific amount of the settlement demand. Rather, the

court's analysis centers around the fact that the Satterthwaites increased the settlement demand amount at that particular juncture. And the public can understand that critical fact by reading another sentence in the same paragraph, which references "the heightened settlement demand." ECF No. 241 at 4.

But sealing information requires that the party seeking to restrict access show "countervailing interests heavily outweigh the public interests in access." *Colony*, 698 F.3d at 1241 (citation omitted); *see also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, No. 2:16-cv-579, 2021 WL 1222118, at *7 (D. Utah Mar. 31, 2021) ("The Tribe's primary argument . . . is that the information is irrelevant to the matters before the court. Such rationale does not outweigh the public's right of access." (citation omitted)). Here, Michael Baker has cited only a single countervailing interest—protecting the interests of a minor by shielding settlement demands submitted on the minor's behalf. But Michael Baker provides no explanation as to how revealing the settlement demand amount could harm the minor. And if revealing the final settlement amount reveals insufficiently sensitive information about a minor to warrant sealing, revealing the settlement demand amount exposes absolutely no personal information about the minor at all. Accordingly, the court finds that Michael Baker has not carried its burden of demonstrating that "countervailing interests heavily outweigh the public interests in access." *Colony*, 698 F.3d at 1241 (citation omitted).

### III. ATTORNEYS' FEES AMOUNT

Michael Baker argues that the fees it expended in defending the Satterthwaite action, as well as the fees expended in the instant litigation, may constitute a portion of a possible confidential settlement demand. Accordingly, Michael Baker requests that the court maintain these amounts under seal to facilitate settlement discussions. But, as noted above, the parties to

6

this case are already aware of the amounts in question. Accordingly, the court sees no reason why maintaining the amounts under seal furthers settlement discussions in the instant litigation.

### IV. STATEMENTS SUMMARIZING COMMUNICATIONS

Michael Baker highlights a series of four statements that it claims reflect summaries of privileged communications between Michael Baker and Liberty Mutual or Michael Baker and its defense counsel in the Satterthwaite action. Michael Baker contends that the court should seal each statement.

Most of the statements summarize communications between Michael Baker and Liberty Mutual.[2] For instance, Michael Baker expressed concerns to Liberty Mutual about Thompson's qualifications. ECF No. 241 at 5, 18. And Michael Baker discussed hiring Brogan and Goebel with Liberty Mutual and negotiated with Liberty Mutual about potentially paying Brogan and Goebel's attorneys' fees. *Id.* at 5-6. Each of these conversations represents a discussion between the insured, Michael Baker, and its insurer, Liberty Mutual. Michael Baker suggests that these communications are confidential and privileged. But Michael Baker cites no authority—in either Utah, Pennsylvania, or Tenth Circuit courts—that establishes an "insurer-insured privilege."[3]

Indeed, Michael Baker cites only to *Merrill v. Scottsdale Ins. Co.*, No. 2:20-cv-64, 2021 WL 1873961 (D. Utah May 10, 2021). But that case is inapposite for two reasons. First, the confidential communications at issue in *Merrill* pertained to claims already dismissed from the lawsuit and "the exhibits were irrelevant to the dismissal order." *Id.* at *2. In contrast, the

---

[2] While Michael Baker raises the scepter of attorney-client privilege, it fails to identify a single privileged statement between Michael Baker and its defense counsel in the Satterthwaite action at issue here.

[3] And, indeed, in the only case Michael Baker cites in this section, Magistrate Judge Oberg made no determination as to insurer-insured privilege. Instead, she explicitly stated that "the court need not determine whether the exhibits contain privileged communications." *Merrill v. Scottsdale Ins. Co.*, No. 2:20-cv-64, 2021 WL 1873961, at *2 (D. Utah May 10, 2021).

allegedly confidential communications here pertain directly to live claims in this case. Second, the *Merrill* decision came at a different procedural juncture. In weighing the public interest in accessing the exhibits in question, Magistrate Judge Oberg found that the public interest was low because "[t]he exhibits were not filed in conjunction with dispositive motions, but merely discovery disputes regarding claims which have now been dismissed."[4] *Id.* In contrast, the public has a substantial interest in the information here because the court explicitly cites it in an order on a dispositive motion. And Michael Baker cites no special interest, beyond a generic interest in maintaining confidential communications with its insurer. Accordingly, the court declines to seal these statements.

Finally, Michael Baker seeks to seal as privileged a statement by Thompson that the case rated as a ten on a 1-10 scale of seriousness for Michael Baker. But Thompson made this statement during his deposition—not as part of a communication with his client or Liberty Mutual. And Michael Baker made no privilege objection during the deposition. Indeed, Michael Baker itself submitted a publicly available document to this court citing that exact statement. *See* ECF No. 183 at 7 ("Mr. Thompson admitted in his deposition in this case that Satterthwaite was a 10 on a 1-10 scale of seriousness for Michael Baker."). Accordingly, the court declines to seal this statement.

## CONCLUSION AND ORDER

For the reasons stated above, the court DENIES Michael Baker's motion to seal. The court shall file an unsealed version of the order on the docket seven days from the date of this order.

---

[4] Indeed, Judge Oberg recognized that if the plaintiffs' dismissed claim were reinstated, the court could reconsider its ruling. *Merrill*, 2021 WL 1873961, at *3.

8

DATED May 10, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge