IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BAKER INTERNATIONAL, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER** <br><br> Case No. 2:19-cv-00881-JNP-DAO <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

This case arises from a dispute between Plaintiff Liberty Mutual Fire Insurance Co. ("Liberty") and its insured, Michael Baker International, Inc. ("Michael Baker"). The dispute began when Liberty sought a declaratory judgment that it need not provide coverage for or defend two lawsuits brought against its insured, Michael Baker, for injuries suffered in a construction zone where Michael Baker performed work. In response, Michael Baker filed several counterclaims seeking to recover expenses incurred as a result of one of the underlying lawsuits, as well as expenses incurred in the present declaratory judgment action.

Relevant here, Liberty filed its second motion for summary judgment on July 19, 2021, arguing that Michael Baker suffered no recoverable damages. On February 10, 2022, the court denied Liberty Mutual's second motion for summary judgment. On May 3, 2022, Liberty filed a motion for reconsideration or in the alternative to join additional parties and take additional discovery. Liberty requested that the court reconsider its prior summary judgment order and

grant summary judgment in favor of Liberty. In the alternative, Liberty urged that the court add Michael Baker's PL insurers to the case and permit Liberty to take additional discovery from the PL insurers.

## LEGAL STANDARD

"A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). Specific grounds for granting the motion include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a motion to reconsider is not an appropriate venue "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* At bottom, then, a motion for reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

## ANALYSIS

Here, Liberty does not contend that there has been an intervening change in the controlling law or that previously unavailable evidence has surfaced since the court issued its order denying Liberty's second motion for summary judgment. Rather, at bottom, Liberty asserts that the court should grant its motion for reconsideration because the court's previous summary judgment order was in error. However, the court concludes that circumstances warranting reconsideration are not present here.

I. **LIBERTY ADVANCES AN ARGUMENT AVAILABLE AT THE TIME OF BRIEFING.**

Michael Baker raised the application of the collateral source rule to this case in its response to Liberty's second motion for summary judgment. Indeed, Michael Baker highlighted this argument in the introduction section on the very first page of its brief, where it argued that "the collateral source rule prohibits Liberty from using Michael Baker's other insurance recoveries to avoid liability for Liberty's own misconduct." ECF No. 185 at 4. Michael Baker expanded on this argument in its analysis section noting that "the collateral source rule 'provides that payments from a collateral source shall not diminish the damages otherwise recoverable from the wrongdoer.'" *Id.* at 35 (quoting *Moorhead v. Crozer Chester Med. Ctr.*, 765 A.2d 786, 790 (Pa. 2001)). Michael Baker further noted that "[t]he principle behind the collateral source rule is that it is better for the wronged plaintiff to receive a potential windfall than for a tortfeasor to be relieved of responsibility for the wrong." *Id.* (citation omitted).

Liberty responded directly to this argument in its reply brief. Indeed, it included an entire subsection entitled "The Collateral Source Rule Does Not Apply." *See* ECF No. 190 at 10. Liberty included a number of arguments—that Michael Baker was attempting to use the collateral source rule to recover a double indemnification, that the collateral source rule does not apply to contracts, and that the collateral source rule is a rule of evidence to be applied at trial not on a motion for summary judgment. But Liberty never advanced the argument it now makes, based on *Johnson*, that the collateral source rule applies only in situations where the liability of a tortfeasor is being reduced or extinguished.

"[A] Rule 60(b) motion is not an appropriate vehicle to advance new arguments or supporting facts that were available but not raised at the time of the original argument." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016). And "Rule 60(b) relief is not properly granted

3

where a party merely revisits the original issues and seeks to 'challenge the legal correctness of the district court's judgment by arguing that the district court misapplied the law or misunderstood [the party's] position.'" *Id.* The Pennsylvania Supreme Court decided *Johnson* in 1995. This argument was available to Liberty at the time it filed its summary judgment reply brief. Liberty simply failed to make the argument. The court declines to consider an argument that Liberty should have made in its reply brief on a motion for reconsideration.

## II. LIBERTY'S MOTION FAILS TO ADDRESS ALL OF THE GROUNDS FOR THE COURT'S DECISION TO DENY SUMMARY JUDGMENT AS TO LIBERTY.

Liberty moves the court to reconsider its ruling and grant Liberty summary judgment. Even were the court to reconsider its decision and side entirely with Liberty, the court still could not grant summary judgment. In its underlying motion for summary judgment, Liberty asked the court to grant summary judgment in its favor because, it alleged, Michael Baker could demonstrate no damages—a required element for a breach of contract case. But Liberty's motion to reconsider fails to establish that Michael Baker suffered no damages.

First, Liberty itself concedes that an issue of fact remains as to damages. As the court discussed in its order on the underlying motion for summary judgment,

> [a]ccording to the records provided, Michael Baker paid Snell & Wilmer nearly $8,000 as part of the $250,000 deductible included under its Liberty policy. In other words, Liberty forced Michael Baker to incur charges for legal expenses that directly supported the very counsel who sought to disprove Liberty's responsibility to provide coverage for Michael Baker. Because Michael Baker incurred this expense as part of its deductible, no outside insurer has reimbursed Michael Baker for this expense. In other words, Michael Baker has suffered nearly $8,000 in unreimbursed losses allegedly due to Liberty's breach of contract.

ECF No. 241 at 15. In its reply brief on the present motion, Liberty concedes that "for the purposes of this Motion, Liberty acknowledges that issue may remain outstanding." ECF No.

4

290 at 3. In other words, Liberty admits that, at a minimum, there is an issue of fact regarding damages. That admission suffices to preclude summary judgment in Liberty's favor.

Second, the court ruled in the alternative. While the court first discussed its position that Michael Baker could establish damages under the collateral source rule, the court went on to specifically rule that Michael Baker could establish damages irrespective of the collateral source rule. The court first held that "an insurer is not released from breach of contract damages simply because a third party covered the resultant loss." ECF No. 241 at 15. The court further held that Pennsylvania law permits recovery of nominal damages where a plaintiff can prove a breach of contract but can show no damages flowing from the breach. *See id.* at 16 (quoting *Albert Rolland, S.A. v. Smithkline Beckman Corp.*, No. 85-3217, 1990 WL 90492, at *1 (E.D. Pa. June 27, 1990) (collecting Pennsylvania cases)).

Liberty simply does not address either of these points in its motion, Rather, it concedes that fact issues remain as to the $8,000 in legal expenses and entirely fails to address the court's alternative bases for finding damages. Accordingly, even were the court to consider Liberty's arguments, they are insufficient to warrant the grant of summary judgment requested by Liberty.[1]

---

[1] Moreover, the court considered four separate rationales and policy concerns that underlie the application of the collateral source rule in deciding to apply it in this case. ECF No. 241 at 8-14. Two of the rationales supported application of the collateral source rule without considering subrogation. Therefore, even if the court accepted Liberty's position, these rationales would continue to support application of the collateral source rule. The court considered the likelihood that Michael Baker would not pocket any recovery from Liberty but instead would forward that recovery to its PL insurers in weighing the other two considerations. But the court may have reached the same conclusion regarding application of the collateral source rule even had the two factors that incorporate the concept of subrogation weighed differently. The court need not delve into that question here because, as noted above, Liberty improperly raises arguments that could have been raised in the initial briefing.

### III. JOINDER IS NOT NECESSARY.

The court has not, as Liberty argues, converted this action from a coverage and bad faith action into an action regarding subrogation. When deciding a motion for summary judgment, the court must view all of the facts in the light most favorable to the non-moving party. *See N. Nat. Gas Co. v. Nash Oil & Gas, Inc.*, 526 F.3d 626, 629 (10th Cir. 2008). In evaluating Liberty's second motion for summary judgment, the court viewed the facts in the light most favorable to Michael Baker. And viewing the facts in that light, the court found that Michael Baker would not benefit from a double recovery. Liberty remains free to argue that the facts show something different and thus Michael Baker should receive a lesser recovery. But making those arguments does not require the presence of the PL insurers in the lawsuit. Nor does it require additional discovery, when Liberty already had the opportunity to take discovery regarding Michael Baker's PL policies.

The fact that the court found, viewing the facts in the light most favorable to Michael Baker, that Michael Baker would not receive a double recovery does not convert this action into a subrogation action. It remains an action between Liberty and Michael Baker about whether Liberty owes Michael Baker coverage for the Satterthwaite incident and whether Liberty acted in bad faith in its dealings with Michael Baker. Accordingly, the court declines to expand the scope of the lawsuit at this juncture.

DATED August 9, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge