UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LIBERTY MUTUAL FIRE INSURANCE CO., <br><br> Plaintiff, <br><br> v. <br><br> MICHAEL BAKER INTERNATIONAL, INC., <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER ON MOTIONS TO SEAL (DOC. NOS. 253, 270, 273, 280, 302)** <br><br> Case No. 2:19-cv-00881 <br><br> District Judge Jill N. Parrish <br><br> Magistrate Judge Daphne A. Oberg |

Defendant Michael Baker International, Inc. ("MBI") has filed four motions to file or maintain documents under seal (docket numbers 253, 270, 280, and 302), and Plaintiff Liberty Mutual Fire Insurance Co. has filed one motion to seal (docket number 273). Collectively, these motions seek to seal certain exhibits filed in connection with dispositive motions, portions of the briefing on those motions, and portions of an order denying a partial summary judgment motion. For the reasons explained below, the motions at docket numbers 253, 270, 273, and 302 are denied, and the motion at docket number 280 is granted. In short, MBI has demonstrated one document warrants sealing: a copy of MBI's insurance policy with its captive insurer, VGIC. All other documents at issue shall be unsealed.

## LEGAL STANDARDS

"The records of the court are presumptively open to the public," and sealing court documents is "highly discouraged."[1] However, the right of access to judicial records is not

---

[1] DUCivR 5-3(a)(1).

absolute.[2]  "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access."[3]  "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption."[4]  "[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches."[5]

## BACKGROUND

This action arises from an insurance coverage dispute between MBI and its insurer, Liberty.  As relevant here, the dispute concerns the defense and settlement of a separate personal injury case filed against MBI (the "Satterthwaite case").  Pursuant to an insurance policy, Liberty hired counsel to defend MBI in the Satterthwaite case.  MBI developed concerns about the assigned attorney's loyalty and effectiveness, and it eventually hired separate defense counsel and reached a settlement in the Satterthwaite case.[6]

Before the Satterthwaite case was resolved, Liberty filed this action seeking a declaratory judgment that it is not required to indemnify or defend MBI in the Satterthwaite case.[7]  MBI has asserted counterclaims for breach of contract and bad faith.[8]

---

[2] *See Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012).

[3] *Id.* (internal quotation marks omitted).

[4] *Id.* (internal quotation marks omitted).

[5] *Id.* at 1241–42.

[6] (*See* Mem. Decision and Order Den. Liberty's Second Mot. for Summ. J. 2–6, Doc. No. 263 (describing the factual background related to the Satterthwaite case).)

[7] (*See* Compl., Doc. No. 2.)

[8] (*See* Second Am. Countercl., Doc. No. 285.)

On February 10, 2022, the court denied Liberty's second motion for summary judgment.[9] Later, the court denied MBI's motion seeking to maintain portions of this order under seal.[10] Specifically, the court declined to seal (1) the final settlement amount from the Satterthwaite case, (2) the amounts of the Satterthwaite plaintiffs' initial settlement demands, (3) the amount of attorneys' fees MBI expended in the Satterthwaite litigation and this case, and (4) statements summarizing communications between MBI and Liberty in the Satterthwaite case.[11]

Liberty later moved for reconsideration of the order denying its second motion for summary judgment.[12]  The court denied the motion for reconsideration on August 9, 2022.[13] MBI also filed a motion for partial summary judgment.[14]  The court denied this motion on December 21, 2022.[15]

## ANALYSIS

The parties each filed motions for leave to file under seal portions of the briefing and certain exhibits filed in connection with MBI's motion for partial summary judgment and Liberty's motion for reconsideration.[16]  These motions to seal are all unopposed.  MBI also seeks

---

[9] (*See* Mem. Decision and Order Den. Liberty's Second Mot. for Summ. J. 2–6, Doc. No. 263 (unsealed version).)

[10] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal, Doc. No. 262.)

[11] (*See id.*)

[12] (*See* Pl.'s Mot. for Reconsideration or in the Alternative to Join Add'l Parties and Take Add'l Disc. ("Mot. for Reconsideration"), Doc. No. 256.)

[13] (*See* Mem. Decision and Order Den. Pl.'s Mot. to Reconsider, Doc. No. 295.)

[14] (*See* Def.'s Mot. for Partial Summ. J., Doc. No. 252.)

[15] (*See* Mem. Decision and Order Den. MBI's Mot. for Partial Summ. J., Doc. No. 299 (sealed).)

[16] (*See* Doc. Nos. 253, 270, 280 (filed by MBI); Doc. No. 273 (filed by Liberty).)

to maintain under seal portions of the court's order denying its motion for partial summary judgment.[17]  Liberty opposes this motion, in part.[18]

MBI has demonstrated sealing is warranted for its VGIC insurance policy.[19]  The parties have failed to overcome the presumption of public access for all other documents at issue.

A.  *Kaufman Deposition and Settlement Documents (Motion at Docket Number 253)*

In the motion at docket number 253, MBI moves for leave to file under seal Exhibits D, F, and H to MBI's motion for partial summary judgment.[20]  The motion to seal is denied.

1. Kaufman Deposition (Exhibit D)

Exhibit D[21] is a partial transcript of the deposition of Sarah Kaufman, a Liberty claims adjuster.  MBI moves to seal this exhibit based solely on Liberty's designation of the deposition transcript as confidential.[22]  The court ordered Liberty to file its own motion to seal within seven days if it sought to keep the exhibit sealed,[23] as required under the District of Utah's local rules.[24]  Liberty did not file a motion to seal Exhibit D within that timeframe or at any time

---

[17] (Doc. No. 302.)

[18] (Doc. No. 306.)

[19] This determination is based on the current procedural posture of the case and the context in which this document was filed.  Any determination that sealing is warranted may be revisited if the parties later rely on this document in connection with other substantive motions or at trial.

[20] (MBI's Mot. for Leave to File Docs. Under Seal ("MBI Mot. to Seal MSJ Exhibits"), Doc. No. 253.

[21] (Doc. No. 254-1.)

[22] (*See* MBI Mot. to Seal MSJ Exhibits 2, Doc. No. 253.)

[23] (*See* Doc. No. 255.)

[24] *See* DUCivR 5-3(b)(2)(C)(i) ("[I]f the sole basis for proposing that the Document be sealed is that another party designated it as confidential or for attorneys' eyes only, then so state that

thereafter.  Therefore, MBI's motion to seal is denied as to Exhibit D, and this exhibit shall be unsealed.

    2.  <u>Demand Letter (Exhibit F)</u>

Exhibit F[25] is the Satterthwaite plaintiffs' initial settlement demand letter to MBI. Although the court previously declined to seal the demand amount,[26] MBI argues the underlying demand letter should remain sealed because it contains "detailed and graphic descriptions of injuries to a child and his mother."[27]  MBI contends these details are not relevant to the insurance coverage dispute in this case and requests they remain sealed to protect the minor child's privacy.[28]  MBI also argues the remainder of the letter (containing allegations regarding MBI's liability) should remain sealed because it is only incidental to MBI's motion for summary judgment.[29]

    MBI has not demonstrated sealing is warranted, even for the portions of the demand letter describing the Satterthwaite plaintiffs' injuries.  The Tenth Circuit has recognized documents may be sealed if they contain "detailed medical information about a minor, where that

---

reason in the motion.  If the designating party seeks to have the Document remain under seal, the designating party must file a Motion for Leave to File Under Seal in accordance with DUCivR 5-3(b)(2) within 7 days of service of the motion.  If the designating party does not file a motion within 7 days, the original motion may be denied, and the Document may be unsealed without further notice.").

[25] (Doc. No. 254-2.)

[26] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 5–6, Doc. No. 262.)

[27] (Suppl. Br. in Support of Mot. to Seal MSJ Exhibits 2, Doc. No. 287.)

[28] (*Id.* at 2–3.)

[29] (*Id.* at 3.)

information [is] only incidental to the substantive legal issue adjudicated."[30]  The demand letter does not contain detailed medical information, but it does contain some descriptions of injuries and related damages suffered by the minor child and his mother.  However, both MBI and the child's counsel have previously filed other documents containing similar (or even more detailed) descriptions of the child's injuries in the public record in this case.[31]  Moreover, MBI relies on these portions of the demand letter in its summary judgment motion, specifically referring to the description of the child's injuries.[32]  Where MBI relies on these portions of the letter in a dispositive motion, and the nature of the child's injuries is already in the public record, the Satterthwaite plaintiffs' privacy interests do not outweigh the presumption of public access.

MBI also has not demonstrated the remainder of the demand letter should be sealed.  MBI's argument that the remainder of the letter is only "incidental" to the summary judgment motion is insufficient.  As the court noted in its order declining to seal the demand amount,[33] even if the public interest in access is low, the party seeking to restrict access must still show "countervailing interests heavily outweigh the public interests in access."[34]  MBI has not

---

[30] *Colony Ins. Co.*, 698 F.3d at 1241 (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.*, 663 F.3d 1124, 1135–36 (10th Cir. 2011)).

[31] (*See, e.g.*, Ex. C to MBI's Mot. to Exclude Certain Testimony and Opinions of Liberty's Designated Expert Lola Hogan, Expert Report of David Frangiamore 5, 10, Doc. No. 194-4 (redacted version); Ex. Y to MBI's Opp'n to Pl.'s Mot. for Partial Summ. J., Letter from R. Thompson to S. Kaufman (Dec. 27, 2019), Doc. No. 81-4 at 110–11; Satterthwaite and Yaeger's Resp. to Mot. for Initial Sched. Conf. 2, Doc. No. 38.)

[32] (*See* Def.'s Mot. for Partial Summ. J. ¶ 12, Doc. No. 252.)

[33] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 5, Doc. No. 262.)

[34] *Colony Ins. Co.*, 698 F.3d at 1241 (internal quotation marks omitted); *see also Becker v. Ute Indian Tribe of the Uintah & Ouray Rsrv.*, No. 2:16-cv-579, 2021 U.S. Dist. LEXIS 64097, at *21 (D. Utah Mar. 31, 2021) (unpublished) ("The Tribe's primary argument [for sealing portions of a settlement agreement] is that the information is irrelevant to the matters before the court.

articulated any countervailing interest which would support sealing other portions of the demand letter.  Therefore, the demand letter must be unsealed in its entirety.

MBI's motion to seal is denied as to Exhibit F, and this exhibit shall be unsealed.

3.   Settlement Agreement (Exhibit H)

Exhibit H is the final settlement agreement between the Satterthwaite plaintiffs and MBI.[35]  Although the court declined to seal the settlement amount,[36] MBI argues the underlying settlement agreement should remain sealed.[37]  The briefing on MBI's summary judgment motion discusses only the settlement amount and the "no admission" provision of the agreement (stating the settlement is not an admission of fault, negligence, or liability).[38]  And the order on that motion does not discuss specific settlement terms.[39]  MBI argues other terms of the agreement are irrelevant and should remain sealed because the agreement includes a confidentiality provision and because the settlement was largely paid to a minor child.[40]

As an initial matter, MBI's argument that portions of the settlement agreement are irrelevant is insufficient, on its own, to warrant sealing those portions.  As explained above, the

---

Such rationale does not outweigh the public's right of access." (internal quotation marks omitted)).

[35] (Doc. No. 254-3.)

[36] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 2–5, Doc. No. 262.)

[37] (*See* Suppl. Br. in Support of Mot. to Seal MSJ Exhibits 4–5, Doc. No. 287.)

[38] (*See* Def.'s Mot. for Partial Summ. J. ¶¶ 14, 21, Doc. No. 252; Pl.'s Opp'n to Def.'s Mot. to Partial Summ. J. ¶ 96, Doc. No. 272.)

[39] (*See generally* Mem. Decision and Order Den. MBI's Mot. for Partial Summ. J., Doc. No. 299.)

[40] (*See* Suppl. Br. in Support of Mot. to Seal MSJ Exhibits 4–5, Doc. No. 287.)

party seeking to restrict access must still show "countervailing interests heavily outweigh the public interests in access."[41]

MBI has failed to articulate a countervailing interest sufficient to outweigh even a low public interest in access. MBI's reliance on the confidentiality provision of the settlement agreement is insufficient. As the court noted in its order declining to seal the settlement amount,[42] simply citing a confidentiality provision in a settlement or contract does not warrant sealing.[43] MBI's argument that the settlement was paid to a minor child is also inadequate. The court previously found this argument insufficient to warrant sealing the settlement amount.[44] The child's name and the settlement amount are now a matter of public record in this case,[45] and MBI has not explained how disclosing other settlement terms would harm the minor child's interests. The settlement agreement does not contain detailed medical information or other sensitive information which would warrant sealing it to protect the child's privacy.[46] Under these circumstances, MBI has not demonstrated any countervailing interest outweighs the presumption of public access.

---

[41] *Colony Ins. Co.*, 698 F.3d at 1241 (internal quotation marks omitted).

[42] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 2, Doc. No. 262.)

[43] *See Sacchi v. IHC Health Servs., Inc.*, 918 F.3d 1155, 1160 (10th Cir. 2019) ("The interest in preserving the confidentiality of the contract does not necessarily constitute a sufficiently substantial justification."); *Colony Ins. Co.*, 698 F.3d at 1241 (denying a motion to seal where "[t]he parties' only stated reason for filing these documents under seal [was] that they involve[d] the terms of confidential settlement agreements and/or they were filed under seal in the district court").

[44] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 4–5, Doc. No. 262.)

[45] (*See* Mem. Decision and Order Den. Liberty's Second Mot. for Summ. J. 2, 6, Doc. No. 263.)

[46] *See Colony Ins. Co.*, 698 F.3d at 1241.

In sum, MBI advances the same arguments in support of its motion to seal the settlement

agreement which the court previously rejected in declining to seal the settlement amount.  MBI

was permitted to file a supplemental brief in support of its motion to seal the settlement

agreement after that order was issued,[47] but MBI failed to raise new arguments or articulate a

countervailing interest sufficient to overcome the public interest in access.  Therefore, the

settlement agreement must be unsealed.

MBI's motion to seal is denied as to Exhibit H, and this exhibit shall be unsealed.

B.  *Communications Between MBI, Liberty, and MBI's Counsel in the Satterthwaite Case,
and Related Documents (Motions at Docket Numbers 270 and 273)*

The parties have separately moved to seal exhibits containing communications between

MBI, Liberty, and MBI's defense counsel in the Satterthwaite case, as well as portions of briefs

describing and quoting those communications.[48]  Because these motions raise similar arguments

and address some overlapping documents, they are addressed together.  Both motions are denied.

In its motion at docket number 270, MBI moves for leave to file under seal Exhibits B, C,

D, and E[49] to its opposition to Liberty's motion for reconsideration of the order denying

Liberty's second motion for summary judgment.[50]  Exhibits C, D, and E contain emails between

---

[47] (*See* Docket Text Order, Doc. No. 279; Def.'s Suppl. Br. in Support of Its Mot. for Leave to
File Docs. Under Seal, Doc. No. 287.)

[48] (*See* MBI's Mot. for Leave to File Docs. Under Seal ("MBI Mot. to Seal Exhibits to Opp'n to
Liberty Mot. for Reconsideration"), Doc. No. 270; Mot. for Leave to File Under Seal Certain
Exhibits to Liberty's Opp'n to Def.'s Mot. for Partial Summ. J. ("Liberty Mot. to Seal Opp'n
Exhibits"), Doc. No. 273.)

[49] (Doc. Nos. 271, 271-1, 271-2, 271-3.)

[50] (MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration, Doc. No. 270.)
This motion also seeks to seal Exhibits J, K, and L, which relate to MBI's claimed damages.
These exhibits are addressed below in Part E of this order.

(1) Vince Thompson, MBI's vice president and in-house counsel, (2) Sarah Kaufman, the Liberty claims adjuster responsible for managing MBI's defense, and (3) Robert Thompson, the attorney hired by Liberty to defend MBI in the Satterthwaite action.  Exhibit B contains Ms. Kaufman's claim notes which reference communications with MBI and MBI's defense counsel. MBI argues the emails and Ms. Kaufman's claim notes are privileged under Pennsylvania law, based on "common interest privilege" and "insurer-insured privilege."[51]

In its motion at docket number 273, Liberty moves for leave to file under seal Exhibits 7, 9, 15, 17, 18, 20 through 33, 35, 36, and 38[52] to its opposition to MBI's summary judgment motion, as well as the portions of Liberty's opposition referencing these exhibits.[53]  Many of these exhibits contain communications between Vince Thompson (MBI's vice president and in-house counsel), Sarah Kaufman (Liberty's claims adjuster), and Robert Thompson (MBI's defense counsel).[54]  These include some of the same emails filed by MBI in Exhibits C, D, and E, described above.[55]  Liberty argues these communications are attorney-client privileged under

---

[51] (*Id.* at 2–4; Def.'s Suppl. Br. in Support of MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration 2–3, Doc. No. 286.)

[52] (Doc. No. 274-1 at 1–10, 14–235.)  These exhibits and Exhibit 13 were filed as a single document.

[53] (Liberty Mot. to Seal Opp'n Exhibits, Doc. No. 273.)  This motion also seeks to seal Exhibit 13, MBI's VGIC insurance policy, based solely on MBI's designation of this exhibit as confidential.  (*See id.* at 2 n.1.)  MBI filed a separate motion to seal Exhibit 13.  (Doc. No. 280.) Because Liberty offers no substantive argument regarding sealing Exhibit 13, this exhibit is addressed below in the discussion of docket number 280 in Part C of this order.

[54] These are Exhibits 7, 9, 15, 17, 18, 20 through 27, and 29 through 31.  Some of these communications also had other third parties copied on them.  (Exhibits 9, 18, 22, 25–27, and 31.)

[55] Exhibits C, D, and E to MBI's opposition to Liberty's motion for reconsideration contain emails which are also found in Exhibits 22, 26, 27, and 29 to Liberty's opposition to MBI's motion for partial summary judgment.

Utah law because MBI's counsel in the Satterthwaite case represented both MBI and Liberty as dual clients in a "tripartite relationship" between counsel, the insured, and the insurer.[56] Liberty argues other exhibits should be sealed because they might reveal attorney-client communications, specifically: (1) exhibits containing communications between Liberty's and MBI's respective coverage counsel[57] and (2) billing records from James Brogan, the attorney MBI independently hired to take over its defense in the Satterthwaite case.[58]

    As set forth below, the parties have failed to show the communications between MBI, Liberty, and MBI's defense counsel are privileged under either Pennsylvania or Utah law,[59] and they have not demonstrated any of the exhibits at issue warrant sealing.  The court first evaluates the parties' arguments regarding privilege under Pennsylvania and Utah law, then addresses whether specific exhibits warrant sealing.

    1.  <u>Pennsylvania Privilege Law</u>

    MBI argues Pennsylvania courts recognize a "common interest privilege" and an "insurer-insured privilege" applicable to communications between MBI, Liberty, and MBI's

---

[56] (Liberty Mot. to Seal Opp'n Exhibits 2, Doc. No. 273.)

[57] These are Exhibits 21, 32, 33, 35, and 36.

[58] This is Exhibit 38.

[59] In federal civil cases, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."  Fed. R. Evid. 501.  The court previously ruled that Pennsylvania substantive law applies in this action under Utah's choice-of-law rules.  (*See* Mem. Decision and Order Den. Pl.'s Mot. for Summ. J. 9–10, Doc. No. 157.)  Liberty does not challenge this ruling, nor does it explain why it relies solely on Utah privilege law, given the prior ruling that Pennsylvania law governs.  Nevertheless, the court addresses Liberty's arguments and reaches the same conclusion regardless of whether Pennsylvania or Utah privilege law applies.

defense counsel in the Satterthwaite case.[60]  As explained below, MBI has not demonstrated the common interest doctrine applies, that any general "insurer-insured" privilege exists, or that these communications are otherwise privileged under Pennsylvania law.  Although some cases cited by MBI suggest *attorney-client* privilege may extend to certain communications between an insurer, an insured, and an insured's counsel, this privilege is waived where the parties have put the communications at issue in this litigation.

First, MBI relies on *Young v. Presbyterian Homes, Inc.*,[61] a Pennsylvania trial court decision addressing attorney-client privilege and the common interest doctrine.  The court in *Young* noted "[t]he presence of a third party during an attorney-client communication will generally negate [attorney-client] privilege" because "the client presumably does not intend his communications to be confidential if they are made in the presence of a third party."[62]  But the court explained that, under the "joint defense" or "common interest" doctrine, attorney-client privilege may apply to communications involving codefendants or "other parties who share a common interest in the matter."[63]  Applying this doctrine, the court agreed with the defendants' argument that disclosure to a third party does not waive privilege "where the third party is counsel for a co-defendant participating jointly with the client's counsel in the defense of the case pursuant to a joint defense agreement."[64]  The court reasoned that "[w]here the third party is assisting in the defense of the litigation, *either as an agent or employee of the client's attorney or*

---

[60] (MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration 2–4, Doc. No. 270.)

[61] 50 Pa. D. & C.4th 190 (Common Pleas Ct. of Lehigh Cnty., Pa. Jan. 16, 2001).

[62] *Id.* at 194 (citing *Johnston v. Johnston*, 499 A.2d 1074, 1077 (Pa. Super. Ct. 1985).

[63] *Id.* at 195.

[64] *Id.*

*as counsel for a co-defendant under a joint defense agreement*, the only reasonable presumption is that the client intends the communication to be confidential."[65]  However, the *Young* court did not address whether attorney-client privilege extends to communications between an insurer, an insured, and the insured's counsel.  And it is not apparent the common interest doctrine described in *Young* applies under the particular circumstances presented here, where the insurer has disclaimed coverage and the insurer and insured are adverse parties in a coverage dispute. *Young* simply does not address this scenario.

Next, MBI cites *Levy v. Senate of Pennsylvania*[66] for the proposition that "privilege exists between [an] insurer and [an] insured as [an] offshoot of attorney-client privilege."[67]  In *Levy*, the Pennsylvania Commonwealth Court addressed a claim of attorney-client privilege for legislative records.[68]  In assessing whether privilege had been waived, the court noted "[p]rivileged persons include agents of either the client or the lawyer who facilitate communications between them and agents of the lawyer who facilitate the representation."[69]  As an example, the court noted "the privilege covers communications by a client-insured to an insurance-company investigator who is to convey the facts to the client's lawyer designated by the insurer, as well as communications from the lawyer for the insured to the insurer in providing

---

[65] *Id.* at 198 (emphasis added).

[66] 34 A.3d 243 (Pa. Commw. Ct. 2011), *aff'd in part and rev'd in part*, 65 A.3d 361 (2013).  The Pennsylvania Supreme Court reversed this decision in part on grounds not relevant here, namely, the interpretation of certain provisions of Pennsylvania's open records statute.  *See Levy v. Senate of Pa.*, 65 A.3d at 364.

[67] (MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration 3, Doc. No. 270.)

[68] 34 A.3d at 244.

[69] *Id.* at 254 (citing Restatement (Third) of The Law Governing Lawyers §70 (2000)).

a progress report or discussing litigation strategy or settlement."[70]   MBI also cites *Serrano v. Chesapeake Appalachia, LLC*,[71] in which a federal district court concluded that, under Pennsylvania law, attorney-client privilege applies to "communications from the client to the carrier or the carrier to the client for the purpose of obtaining legal representation and advice, effectuating the representation, and related matters such as options regarding strategy and settlement."[72]

Neither *Levy* nor *Serrano* recognizes a general "insurer-insured" privilege.  Rather, they support the proposition that attorney-client privilege may extend to certain communications between an insurer, an insured, and an insured's counsel made for the purpose of obtaining legal advice or effectuating legal representation.  But these cases do not address the applicability of privilege under the circumstances presented here—where the insurer has disclaimed coverage and filed a coverage action, the insured has filed a bad faith claim, and both parties have submitted the purportedly privileged communications as evidence supporting their respective positions on the merits of their claims.

Under Pennsylvania law, attorney-client privilege is waived when a client puts the confidential communications at issue in litigation.[73]   Here, both MBI and Liberty have placed the

---

[70] *Id.* (quoting Restatement (Third) of The Law Governing Lawyers §70 cmt. f (2000)).

[71] 298 F.R.D. 271 (W.D. Pa. 2014).

[72] *Id.* at 282 (citing *Levy*, 34 A.3d at 254–55).

[73] *See, e.g.*, *Bonds v. Bonds*, 689 A.2d 275, 277 (Pa. Super. Ct. 1997) (Attorney-client privilege is waived "when the communication is made in the presence of or communicated to a third party or to the court, when the client relies on the attorney's advice as an affirmative defense, or when the confidential information is placed at issue."); *Brown v. Halpern*, No. 01428, 2014 Phila. Ct. Com. Pl. LEXIS 263, at *4 (Philadelphia Cnty. Ct. of Common Pleas July 16, 2014) (unpublished) (finding privilege waived where parties "explicitly put the attorney client conversations at issue").

purportedly privileged communications from the defense of the Satterthwaite case at issue in this coverage dispute. Both parties have filed exhibits containing communications between MBI, Liberty, and MBI's defense counsel to support their respective positions on summary judgment motions. Under these circumstances, any claimed privilege for these communications is waived.

2. Utah Privilege Law

Likewise, Liberty has not demonstrated communications between MBI, Liberty, and MBI's defense counsel are attorney-client privileged under Utah law. Moreover, even if they were privileged, this privilege is waived under Utah law where the parties have put the communications at issue in this litigation.

Liberty argues MBI's defense counsel in the Satterthwaite action represented both MBI and Liberty as dual clients and, therefore, communications within this "tripartite relationship" are protected by attorney-client privilege.[74] Liberty relies on *Spratley v. State Farm Mutual Automobile Insurance Company*,[75] a Utah Supreme Court decision recognizing an attorney may represent both the insured and the insurer in a tripartite relationship "in cases where no question arises regarding the existence and adequacy of coverage."[76] The *Spratley* court held attorneys who represented dual clients in those circumstances owed duties of confidentiality to both the insurer and the insured.[77] Although *Spratley* primarily addresses attorneys' duties of confidentiality, it also appears to recognize communications within such a tripartite relationship

---

[74] (Liberty Mot. to Seal Opp'n Exhibits 2, Doc. No. 273.)

[75] 2003 UT 39, 78 P.3d 603.

[76] *Id.* ¶¶ 11–12, 78 P.3d at 607 (internal quotation marks omitted) (adopting the majority rule stated in *Paradigm Insurance Co. v. Langerman Law Offices*, 24 P.3d 593 (Ariz. 2001)).

[77] *Id.* ¶ 13, 78 P.3d at 607–08.

may be privileged.[78]   However, *Spratley* does not address the applicability of attorney-client privilege in the circumstances presented here, where a coverage dispute has arisen between the insurer and insured.[79]   And Liberty cites no other authority supporting its position that communications between an insurer, insured, and defense counsel are privileged where, as here, the insurer has disclaimed coverage.

Even if communications between MBI, Liberty, and MBI's defense counsel were privileged at some point, Liberty fails to show the privilege has not been waived.   Utah courts recognize a "common way to waive the attorney-client privilege is to place 'at issue' in litigation matters that implicate attorney-client communications."[80]   The parties have availed themselves of court processes to resolve the coverage dispute, and both parties rely on the purportedly privileged communications to support their respective positions on the merits of their claims. Because both parties have placed purportedly privileged communications at the heart of this case, privilege is waived for these communications under Utah law.

---

[78] *See id.* ¶ 14 n.2, 78 P.3d at 608 n.2 (rejecting an argument that an insurer had waived privilege through a general discussion of communications during a court hearing); *but see id.* ¶ 20 n.3, 78 P.3d at 609 n.3 ("[W]e are not called upon to decide the application of the privilege rules to specific communications.").

[79] Indeed, *Spratley* notes that "where actual conflict exists or is likely to arise, the attorney's allegiance is to the insured because of an insurer's duty to provide a defense in good faith."   *Id.* ¶ 12, 78 P.3d at 607.

[80] *Chard v. Chard*, 2019 UT App 209, ¶ 63, 456 P.3d 776, 792; *see also Terry v. Bacon*, 2011 UT App 432, ¶ 16, 269 P.3d 188, 193 ("[W]hen a party places privileged matters at issue in the litigation[,] that party implicitly consents to disclosure of those matters." (internal quotation marks omitted)); *Krahenbuhl v. The Cottle Firm*, 2018 UT App 138, ¶ 9, 427 P.3d 1216, 1219 ("[T]he 'at issue' waiver is triggered when the party seeking application of the attorney-client privilege places attorney-client communications at the heart of a case." (internal quotation marks omitted)).

3.  Communications Between MBI, Liberty, and MBI's Defense Counsel (MBI Exhibits C, D, and E and Liberty Exhibits 7, 9, 15, 17, 18, 20 through 27, and 29 through 31)

Both parties seek to seal exhibits containing letters and emails between MBI, Liberty, and MBI's defense counsel in the Satterthwaite case solely on the basis that these communications are privileged.[81]  As set forth above, the parties have not demonstrated these communications are privileged under either Pennsylvania or Utah law, where both parties have placed them at issue in this litigation.  And neither party has articulated any other countervailing interest which would support sealing these exhibits.

Both parties rely on these exhibits in connection with dispositive motions, and the order denying MBI's summary judgment motion discusses and quotes communications between MBI, Liberty, and MBI's counsel in the Satterthwaite case.[82]  Under these circumstances, the presumption of public access is strong.[83]  The parties have failed to show any countervailing interest outweighs this presumption.

---

[81] (See MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration 4, Doc. No. 270; Liberty Mot. to Seal Opp'n Exhibits 2, Doc. No. 273.)  Other parties were included in some of these communications—specifically, MBI's insurance broker, Justin Johnson, and other MBI insurers.  MBI suggests Mr. Johnson fell within the scope of the privilege because he was acting as MBI's agent.  (See MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration 4, Doc. No. 270.)  But neither party addresses the presence of the other insurers.  Because the parties have not demonstrated privilege applies even to communications solely between MBI, Liberty, and MBI's defense counsel, the court need not address whether privilege was waived due to the inclusion of other parties.

[82] (See Mem. Decision and Order Den. MBI's Mot. for Partial Summ. J. 24–25, Doc. No. 299.)  The emails quoted in the order were filed by Liberty as Exhibit 22 to its opposition to MBI's summary judgment motion.  (Doc. No. 274-1 at 42–47.)  They were also filed by MBI as Exhibit D to MBI's opposition to Liberty's motion for reconsideration of the order denying Liberty's second summary judgment motion.  (Doc. No. 271-2.)

[83] See Colony Ins. Co., 698 F.3d at 1241–42 ("[W]here documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches.").

Accordingly, the parties' motions to seal are denied as to these exhibits.  These exhibits and the portions of Liberty's opposition discussing them shall be unsealed.

4.   Kaufman Claim Notes (MBI Exhibit B)

MBI seeks to seal the claim notes made by Ms. Kaufman, Liberty's claims adjuster. According to MBI, the claim notes contain "Ms. Kaufman's understanding of legal advice by Robert Thompson as defense counsel," "her communication with and directions to [MBI's] defense counsel, as well as her own thoughts and impressions of the Satterthwaite case as an agent of [MBI's] insurer regarding [MBI's] defense strategy."[84]  MBI contends "[a]ll of this is protected under Pennsylvania's common interest and insurer-insured privileges," relying on the Pennsylvania case law discussed above.[85]

MBI has not demonstrated the underlying communications between Ms. Kaufman, MBI, and MBI's defense counsel are privileged under Pennsylvania law, for the reasons explained above.  Further, MBI has not cited any authority supporting its position that an insurance adjuster's "thoughts and impressions" are privileged or otherwise protected.  Accordingly, MBI has failed to articulate any legal basis or countervailing interest to support sealing the claim notes.

MBI filed the claim notes to support its opposition to Liberty's motion for reconsideration of a summary judgment order, but the claim notes are not mentioned in the order denying the motion for reconsideration.  Therefore, the public interest in access is marginal.

---

[84] (Def.'s Suppl. Br. in Support of MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration 3, Doc. No. 286.)

[85] (*Id.*)

Nevertheless, MBI has failed to articulate any countervailing interest to outweigh even this minor interest in access.  Accordingly, MBI's motion to seal is denied as to Exhibit B.

5.  Communications Involving Coverage Counsel (Liberty Exhibits 28, 32, 33, 35, and 36)

Exhibits 32, 33, 35, and 36 are communications between Liberty's and MBI's respective coverage counsel.  Liberty argues these exhibits should be sealed because they may reveal privileged communications between Liberty, MBI, and MBI's defense counsel.[86]  However, Liberty has failed to demonstrate the underlying communications are privileged, for the reasons explained above.  Further, the communications between coverage counsel in these exhibits primarily concern the coverage dispute, in which Liberty and MBI are adverse parties.  Liberty has not demonstrated any privilege applies to such communications.

Exhibit 28 is an email from Liberty's coverage counsel to the Satterthwaite plaintiffs' counsel.  Liberty does not specifically address this exhibit in its motion to seal, nor does it explain how an email from coverage counsel to a third party could be privileged.

The communications involving coverage counsel are discussed in detail in the prior order denying Liberty's second summary judgment motion.[87]  Thus, the presumption of public access is strong, and Liberty has failed to show any countervailing interest outweighs this presumption. Accordingly, Liberty's motion to seal is denied as to these exhibits.

6.  Brogan Billing Records (Liberty Exhibit 38)

Exhibit 38 to Liberty's opposition to MBI's summary judgment motion contains billing records from James Brogan, the attorney MBI independently hired to take over its defense in the

---

[86] (Liberty Mot. to Seal Opp'n Exhibits 2, Doc. No. 273.)

[87] (*See* Mem. Decision and Order Den. Pl.'s Second Mot. for Summ. J. 4–6, Doc. No. 263.)

Satterthwaite case.  Liberty claims the billing records should be sealed "lest [they] reveal attorney-client privileged communications between Brogan, an attorney, and his clients."[88]

Liberty has not demonstrated Exhibit 38 contains privileged communications.  Under Pennsylvania law, "general descriptions of legal services included in attorney invoices are not covered by the umbrella of the attorney-client privilege but [] specific descriptions that would reveal attorney-client communications are protected."[89]  Liberty does not identify which portions of the billing records would reveal confidential attorney-client communications.  Regardless, communications between Mr. Brogan, Liberty, and MBI are not privileged under the circumstances presented here, for the reasons explained above.  To the extent the billing records contain communications solely between Mr. Brogan and MBI, MBI has not asserted attorney-client privilege with respect to Exhibit 38, and such privilege would be waived by disclosure to Liberty.

Liberty has not asserted any other basis to seal Mr. Brogan's billing records.  Thus, Liberty has failed to articulate a countervailing interest which outweighs the presumption of public access.  Liberty's motion to seal is denied as to Exhibit 38.

7.  <u>Conclusion</u>

MBI's motion to seal at docket number 270 is denied as to Exhibits B, C, D, and E.[90]  These exhibits shall be unsealed.

---

[88] (Liberty Mot. to Seal Opp'n Exhibits 2 n.1, Doc. No. 273.)

[89] *Levy v. Senate of Pa.*, 65 A.3d at 363–64.

[90] The portion of the motion seeking to seal Exhibits J, K, and L is addressed below in Part E of this order.

Liberty's motion to seal at docket number 273 is denied.  The unredacted version of Liberty's opposition brief[91] shall be unsealed.  Liberty is ORDERED to refile Exhibits 7, 9, 15, 17, 18, 20 through 33, 35, 36, and 38 (not under seal) within fourteen days.[92]

### C.  VGIC Insurance Policy (Motion at Docket Number 280)

In its motion at docket number 280, MBI moves to seal Exhibit 13[93] to Liberty's opposition to MBI's summary judgment motion.[94]  Exhibit 13 is MBI's insurance policy with its captive insurer, VGIC.  MBI argues it should be sealed because it contains confidential and proprietary information about MBI's internal organization, structure, and finances.[95]  MBI also argues Exhibit 13 was cited in Liberty's opposition simply to show it exists, and the terms of the policy are irrelevant.[96]

MBI has demonstrated Exhibit 13 should remain sealed.  The order on MBI's motion for summary judgment only briefly mentions the policy in a footnote, noting VGIC is not a relevant insurer.[97]  Neither the parties' briefing nor the order discuss the contents of the policy document.

---

[91] (Doc. No. 274.)

[92] The court orders Liberty to refile these exhibits—rather than simply unsealing them—because they were filed in a single, combined document with Exhibit 13, which shall remain sealed for the reasons discussed below.  (*See* Doc. No. 274-1.)

[93] (Doc. No. 274-1 at 11–13.)

[94] (MBI Mot. to Seal Exhibit 13, Doc. No. 280.)

[95] (*Id.*)

[96] (*Id.*)

[97] (*See* Mem. Decision and Order Den. MBI's Mot. for Partial Summ. J. 18 n.7, Doc. No. 299.) This footnote also notes that it is undisputed VGIC was underfunded—a fact set forth in the unredacted portions of the parties' briefing.  (*See id.*; Liberty's Opp'n to MBI's Mot. for Partial Summ. J. ¶¶ 47–49, Doc. No. 272.)  Although MBI has filed a motion to seal portions of this order, addressed below, MBI does not seek to seal the footnote addressing the VGIC policy.

Thus, the public interest in access is marginal.[98]  And MBI has articulated a countervailing

interest—namely, protecting MBI's confidential business information regarding its internal

organization, structure, and finances.[99]  Where the contents of the policy are irrelevant to the

order, this countervailing interest is sufficient to overcome the presumption of public access.

Therefore, MBI's motion to seal Exhibit 13 is granted, and this exhibit shall remain sealed.

   D.  *December 21, 2022, Memorandum Decision and Order (Motion at Docket Number 302)*

        The order denying MBI's motion for partial summary judgment was issued under seal,[100]

and the parties were ordered to show cause why it should remain sealed.[101]  In its motion at

docket number 302, MBI moves to maintain two portions of the order under seal: (1) the

amounts of the Satterthwaite plaintiffs' initial settlement demands, and (2) statements describing

and quoting communications between MBI, Liberty, and MBI's defense counsel during the

Satterthwaite litigation.[102]  Liberty did not move to seal any portions of the order, and it opposes

MBI's motion to seal, in part.[103]

---

[98] *See Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009) (unpublished) ("[W]here the documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." (internal quotation marks omitted)).

[99] *See Braun v. Medtronic Sofamor Danek, Inc.*, 719 F. App'x 782, 801 n.8 (10th Cir. 2017) (unpublished) (granting motion to seal "documents whose disclosure would harm [a party's] competitive interests").

[100] (*See* Mem. Decision and Order Den. MBI's Mot. for Partial Summ. J., Doc. No. 299.)

[101] (*See* Doc. No. 300.)

[102] (MBI's Mot. to Seal Portions of Ct.'s Dec. 21, 2022 Mem. Decision and Order Den. MBI's Partial Mot. for Summ. J. ("MBI Mot to Seal Portions of MSJ Order"), Doc. No. 302.)

[103] (*See* Liberty Opp'n to MBI Mot to Seal Portions of MSJ Order, Doc. No. 306.)

The court previously declined to seal the settlement demand amounts,[104] and those amounts are now in the public record in this case.[105]  MBI fails to address this fact in its motion, and it relies on the same arguments the court previously rejected.[106]  Based on the prior ruling, and because the settlement demand amounts are already public, MBI's request to seal this information is denied.

MBI also seeks to seal a portion of the order describing and quoting from emails between MBI, Liberty, and Robert Thompson (the attorney hired by Liberty to defend MBI) during the Satterthwaite litigation.[107]  As in its prior motion, MBI argues these communications are confidential and privileged, this time relying on an unpublished order from this district.[108]  In its opposition, Liberty argues one of the quoted statements is not privileged because it was not made for the purpose of seeking legal advice.[109]

As set forth above in Part B of this order, MBI fails to demonstrate the underlying emails are privileged or warrant sealing.  For the same reasons, it has not demonstrated the portion of the order quoting from these emails should be sealed.  First, MBI has not shown the communications between MBI, Liberty, and MBI's defense counsel are privileged under

---

[104] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 5–6, Doc. No. 262.)

[105] (*See* Mem. Decision and Order Den. Pl.'s Second Mot. for Summ. J. 4, Doc. No. 263.)

[106] (*See* MBI Mot to Seal Portions of MSJ Order 2–3, Doc. No. 302.)

[107] (*Id.* at 4–6.)

[108] (*Id.* (citing *Merrill v. Scottsdale*, No. 2:20-cv-00064, 2021 U.S. Dist. LEXIS 89897 (D. Utah May 10, 2021) (unpublished).)

[109] (Liberty Opp'n to MBI Mot. to Seal Portions of MSJ Order 2–3, Doc. No. 306.)

Pennsylvania law, where both parties have put the communications at issue in this litigation.[110]

Further, the public interest in access is strong where the court relied on these communications in

denying MBI's summary judgment motion.  MBI has not demonstrated any countervailing

interest outweighs this strong presumption of public access.

MBI's reliance on the unpublished order in *Merrill v. Scottsdale*[111] is unavailing.  The

*Merrill* order addressed a request to unseal communications between an insurer, insured, and

counsel in a coverage dispute.[112]  But the court in that case made no determination as to whether

the communications were privileged.[113]  The court also found the public interest in access low

because "[t]he exhibits were not filed in conjunction with dispositive motions, but merely

discovery disputes regarding claims which have now been dismissed," and "were irrelevant to

the dismissal order."[114]  Under those circumstances, the court found the insurer's general interest

in maintaining the confidentiality of the communications outweighed the presumption of public

access.[115]  Here, by contrast, the presumption of public access is strong because MBI is seeking

to seal portions of a court order on a dispositive motion.  *Merrill* does not support the proposition

that a general interest in confidentiality outweighs the presumption of public access in these

circumstances.

---

[110] Because MBI's privilege claim fails on this basis, the court need not address Liberty's argument that the statements were not made for the purpose of seeking legal advice.

[111] 2021 U.S. Dist. LEXIS 89897.

[112] *See id.* at *2.

[113] *See id.* at *6 (expressly stating "the court need not determine whether the exhibits contain privileged communications").

[114] *Id.* at *7.

[115] *See id.*

MBI's motion to seal portions of the order denying MBI's summary judgment motion is denied, and the order shall be unsealed in its entirety.

### E.  Documents Related to MBI's Damages (Motion at Docket Number 270)

In its motion at docket number 270, MBI moves for leave to file under seal Exhibits J, K, and L[116] to its opposition to Liberty's motion for reconsideration of the order denying Liberty's second motion for summary judgment.[117]  Exhibit J is a calculation of MBI's claimed damages in this case, including the Satterthwaite settlement amount and various legal fees.  Exhibits K and L are excerpts of MBI's Rule 30(b)(6) deposition, which contain testimony regarding the damages set forth in Exhibit J.

MBI argues these documents should be sealed because (1) they contain "confidential settlement information from the Satterthwaite case, including settlement amounts"; (2) they contain "information confidential to [MBI]'s income and business"; and (3) they contain "confidential amounts that may be considered for proposed settlement demands" in this case.[118] MBI also argues the information in these exhibits is tangential to MBI's opposition because the exhibits are cited only to show Liberty previously had access to the information Liberty sought to introduce in its motion for reconsideration.[119]

MBI has not demonstrated these exhibits warrant sealing.  First, the court has previously declined to seal the Satterthwaite settlement amount, and that information is now in the public record in this case.  Second, MBI fails to support its argument that the exhibits contain

---

[116] (Doc. Nos. 271-4, 271-5, 271-6.)

[117] (MBI Mot. to Seal Exhibits to Opp'n to Liberty Mot. for Reconsideration, Doc. No. 270.)

[118] (*Id.* at 4–5.)

[119] (*Id.* at 5.)

confidential business information which warrants sealing them.  The court previously declined to seal portions of an order containing a detailed discussion of MBI's claimed damages, including the amounts of various legal fees incurred.[120]  Where this information is already in the public record, MBI fails to adequately explain which portion of the damages calculation in Exhibit J remains confidential (if any), or why disclosure of this information would harm its business interests.  MBI also fails to identify which portions of the testimony in Exhibits K and L address confidential business information or explain why disclosure of such information would harm its competitive interests.  Third, MBI's argument that its claimed damages should be sealed because they may, in the future, form the basis of a settlement demand is baseless.  MBI does not contend these exhibits are evidence of actual settlement offers or negotiations in this action.  In sum, MBI has failed to demonstrate the exhibits contain confidential information or to articulate any valid basis to seal them.

MBI is correct that the contents of these exhibits are not discussed in detail in either the briefing or the order denying Liberty's motion for reconsideration.  But where much of the information MBI seeks to seal is already public, and MBI has not specified what other confidential information is contained in the exhibits or articulated a valid reason to seal them, MBI has failed to overcome the presumption of public access.

For these reasons, MBI's motion to seal is denied as to Exhibits J, K, and L, and these exhibits shall be unsealed.

---

[120] (*See* Mem. Decision and Order Den. Def.'s Mot. to Seal 6–7, Doc. No. 262; Mem. Decision and Order Den. Pl.'s Second Mot. for Summ. J. 9, 15, Doc. No. 263.)

**CONCLUSION**

The court ORDERS as follows:

1.      MBI's motion at **docket number 253** is denied.  Exhibits D, F, and H[121] to MBI's motion for partial summary judgment shall be unsealed.

2.      MBI's motion at **docket number 270** is denied.  Exhibits B, C, D, E, J, K, and L[122] to MBI's opposition to Liberty's motion for reconsideration shall be unsealed.

3.      Liberty's motion at **docket number 273** is denied.  The unredacted version of Liberty's opposition[123] to MBI's motion for partial summary judgment shall be unsealed. Liberty is ORDERED to refile Exhibits 7, 9, 15, 17, 18, 20 through 33, 35, 36, and 38 to its opposition (not under seal) within fourteen days.

4.      MBI's motion at **docket number 280** is granted.  Exhibit 13[124] to Liberty's opposition to MBI's motion for partial summary judgment shall remain sealed until otherwise ordered.

5.      MBI's motion at **docket number 302** is denied.  The court will file an unsealed version of the memorandum decision and order[125] denying MBI's motion for partial summary judgment.

---

[121] (Doc. Nos. 254-1, 254-2, 254-3.)  Docket number 254 shall also be unsealed; it is a copy of an appendix of exhibits which was filed publicly at docket number 252-2, and no party moved to seal it.

[122] (Doc. Nos. 271, 271-1–271-6.)

[123] (Doc. No. 274.)

[124] (Doc. No. 274-1 at 11–13.)

[125] (Doc. No. 299.)

6.      The clerk's office is directed to unseal docket numbers 254 (including all attachments), 271 (including all attachments), and 274 (main document only), consistent with this order.

DATED this 14th day of March, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge